**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TAMMY R. WHITE                                                                                      PLAINTIFF

v.                                         NO.  2:07cv00036 SWW-JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Susan Webber Wright.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Tammy R. White, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claims for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged disability due to anxiety[2] and seizures. (Tr. 85.) The Commissioner found that she was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[3] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through August 8, 2006, the date of his decision. (Tr. 17.)  On February 13, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6.)

---

[2] The ALJ noted that there was no medical evidence to support the allegation of anxiety and there was no mention of it during the hearing.  (Tr. 12.)

[3] The Hon. Everet Dail Stiles.

2

Plaintiff then filed her complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 36 years old at the time of the hearing. (Tr. 191.) She is a high school graduate with additional vocational training. (Tr. 90, 191-92.) She has past relevant work as a cashier, assembly line worker and nursing home assistant. (Tr. 15, 86-87, 92-95.)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4) (2006). He found that she had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12.) He found that she had "severe" impairments, carpal tunnel syndrome, syncope, headaches and left lower extremity pain, but that she did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 12-13.) He judged that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. (Tr. 14.)

The ALJ found that Plaintiff retained the residual functional capacity for light work with the further restrictions that she could perform no rapid, repetitive work with her right (dominant) hand, she could not use foot controls with her left lower extremity and could not work at unprotected heights, around hazardous machinery or drive as part of her work. (Tr. 13.) He determined that she was unable to perform any of her past relevant work. (Tr. 15-16.) Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding her limitations, for example, hotel desk clerk and sales clerk. (Tr. 16.) Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 17.)

Plaintiff argues that the ALJ did not adequately discuss the reasons that he found her to be less than fully credible. (Br. 9-11.) The ALJ evaluated Plaintiff's subjective

complaints in light of <u>Polaski v. Heckler</u>, 739 F.2d 1320 (8th Cir. 1984).[4]  (Tr. 13-15.)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints <u>solely</u> on the basis of personal observations.  Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

<u>Polaski v. Heckler</u>, 739 F.2d at 1322 (emphasis in original).

There is little objective support in the record for Plaintiff's claim of disability.  No evaluations showed medical conditions that were disabling.  Furthermore, inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints.  <u>Richmond v. Shalala</u>, 23 F.3d 1141, 1443 (8th Cir. 1994).

Given the lack of medical evidence in support of Plaintiff's allegations of disability, the type of medication taken and its effectiveness, the lack of more treatment, Plaintiff's daily activities, her poor work record, her functional capabilities and the lack of restriction placed on Plaintiff by her physicians, the ALJ could rightly discount Plaintiff's subjective complaints.  <u>See</u>, <u>e.g.</u>, <u>Guilliams v. Barnhart</u>, 393 F.3d 798, 801 (8th Cir. 2005) (ALJ may discount subjective complaints if there are inconsistencies in the record as a whole);

---

[4] The ALJ also cited Social Security Ruling 96-7p and 20 C.F.R. §§ 404.1529 and 416.929.  (Tr. 14.)  That Ruling tracks <u>Polaski</u> and 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) and elaborates on them.

Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001) (ALJ may discount complaints inconsistent with the evidence as a whole); Dodson v. Chater, 101 F.3d 533, 534 (8th Cir. 1996) (after full consideration of all evidence relating to subjective complaints, ALJ may discount complaints if there are inconsistencies in evidence as a whole).

The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006); Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004). The ALJ's credibility analysis was proper. He made express credibility findings and gave his reasons for discrediting Plaintiff's subjective complaints. E.g., Shelton v. Chater, 87 F.3d 992, 995 (8th Cir. 1996); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Hall v. Chater, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003).

Next, Plaintiff contends that the hypothetical question to the vocational expert did not include all of her limitations supported by the record. (Br. 11-13.) Plaintiff's attorney was present at the administrative hearing. He had the opportunity to request that the ALJ restate the hypothetical question or to cross-examine the vocational expert himself, but did not do so. (Tr. 216.) Such a failure to raise the argument at the administrative level ordinarily prevents a party from raising it in judicial proceedings. Weikert v. Sullivan, 977 F.2d 1249, 1254 (8th Cir. 1992); accord, Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999).

Further, the ALJ did include all limitations supported by the record. Plaintiff contends that the frequency and effects of seizures and headaches should have been included in the hypothetical question. (Br. 12.) The ALJ included seizure precautions. "This individual also would need to avoid hazards such as heights, vibration, and dangerous machinery including driving equipment or automobiles." (Tr. 215.) Plaintiff

testified that her medication helped her headaches. (Tr. 199-200.) She also testified that she had a sciatic nerve disorder. (Tr. 201.) When asked what the main thing was that kept her from working, she indicated that it was her seizures and her nerve disorder. (Tr. 209-10.) No physician issued any headache related restrictions. There is no medical evidence that these headaches imposed any restrictions on Plaintiff's functional capabilities. The ALJ properly included in his question the impairments and functional restrictions that are supported by the record, which is all that is required. Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

Therefore, the Magistrate Judge recommends that the decision of the Commissioner be affirmed and that judgment be entered for Defendant dismissing this action with prejudice.

DATED this 7th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE